FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 11 2011 ★
DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

TROY McRAE,

               Plaintiff,

-against-

JOSEPH NORTON; ANDRE NOBLE; BRAIN
DOE; PAMELA DOE; DAVID DOE; JANE
DOE #1-10; and JOHN DOE #1-10, all whom
are being sued each in their individual and
official capacity,

               Defendants.
———————————————————————X

**MEMORANDUM
AND ORDER**
11-CV-2707 (KAM)(SMG)

**MATSUMOTO, United States District Judge:**

Plaintiff, currently incarcerated at Auburn Correctional Facility,[1] files this *pro se* action pursuant to 42 U.S.C. §§ 1981 and 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, alleging that defendants violated his civil and constitutional rights by inducing him to assist them in the filing of false tax returns. For the reasons set forth below, the court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint.

**Background**

Beginning in February 1999, plaintiff alleges that he was "employed" by the Norton Tax Office. He was hired by defendant Noble, for the duties of "signing checks, seeking out new names and social security numbers, birth certificates, and new names for clients to

---

[1] The Court takes judicial notice that plaintiff is incarcerated pursuant to a 2006 conviction for robbery. *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (last visited August 11, 2011).

1

file state and federal tax returns." (ECF No. 1, Complaint filed June 2, 2011 ("Compl.") at ¶ 14.) Plaintiff alleges that, using this information, the company was filing false returns with state and federal governments and appropriating the refunds, using plaintiff's mailing address. (Compl. at ¶ 17.) Also as part of his duties, plaintiff was asked to sign tax returns and the refund checks issued by the government and to "make false ID's cards . . . to cash the federal checks." (Compl. at ¶ 23.) In May 2005, plaintiff sought "back pay" from defendants Noble and Norton. (Compl. at ¶ 25.) On June 21, 2005, plaintiff was arrested for an alleged robbery of defendant Noble. (Compl. at ¶ 27.) Defendant Noble testified at plaintiff's criminal trial that he was not "[involved] in any tax dealing or business." (Compl. at ¶ 8.)

**Standard of Review**

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

As plaintiffs are proceeding *pro se*, their complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the court is obliged to construe their pleadings liberally and to interpret them as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## Discussion

### A. Section 1981 Claims

Section 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts. *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998). In order to state a claim under 42 U.S.C. § 1981, plaintiff must identify an impaired contractual relationship under which plaintiff has rights, *Domino's Pizza Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006), and must demonstrate that the alleged discrimination was based on race. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Here, plaintiff makes no allegations that he entered into a contract with defendants or that the wrongs of which he complains were based on race. (*See generally* Compl.) Thus, plaintiff fails to state a claim under 42 U.S.C. § 1981 and the claim is dismissed as to all defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Section 1983 Claims

Nor has plaintiff stated a claim under 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

3

Defendants, whom plaintiff alleges were involved in filing false tax returns and cashing refund checks, did not act under color of state law within the meaning of 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). Accordingly, plaintiff fails to state a claim against defendants and his § 1983 claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. RICO Claims

Plaintiff alleges that the Joseph Norton Tax Office was corrupt and filed false tax returns on behalf of strangers in order to steal the refunds. Plaintiff alleges that he was an employee of this office and claims to have been harmed by the purported corruption. He names two principals of the Joseph Norton Tax Office, Joseph Norton and Andre Noble, and a host of "Doe" defendants. For the reasons set forth below, the RICO claims are dismissed.

#### 1. Standard

RICO was enacted to "prevent organized crime from infiltrating America's legitimate business organizations." *Moccio v. Cablevision Sys. Corp.*, 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002). The Act contains both criminal and civil provisions. *See* 18 U.S.C. §§ 1962, 1964. The civil enforcement provision of RICO provides that "[a]ny

4

person injured in his [or her] business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages . . . and the cost of the suit, including a reasonable attorney's fee . . . ." 18 U.S.C. § 1964(c).

To demonstrate standing to bring a RICO claim, a plaintiff must plead, at a minimum, "(1) the defendant's violation of [§ ]1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003) (internal quotation marks and citations omitted).

The causation requirement is satisfied if the "defendant's injurious conduct is both the factual and the proximate cause of the injury alleged." *Id.* To prove proximate cause, plaintiff must satisfy a two-part test. First, the plaintiff's injury must have been "proximately caused 'by a pattern of racketeering activity violating [18 U.S.C. §] 1962 or by individual RICO predicate acts.'" *Id.* at 122-23 (quoting *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990)). In other words, a plaintiff does not have standing if he suffered an injury that was indirectly caused by the racketeering activity or RICO predicate acts, even if the injury was proximately caused by non-RICO violations committed by the defendants. *Id.* Second, the plaintiff must have suffered a direct injury that was foreseeable. "Central to the notion of proximate cause [under RICO] is the idea that a person is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were 'a substantial factor in the sequence of responsible causation,' and whose injury was 'reasonably foreseeable or anticipated as a

5

natural consequence.'" *Id.* at 123 (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994)).

## 2. Analysis

Plaintiff's RICO claim cannot survive because he has failed to plead the three requirements for a RICO claim. First, plaintiff does not allege any violations of § 1962 except to state that the scheme involved "mail fraud, identity theft, tax fr[au]d, forgery, consp[ir]acy to commit perjury, bribery to procure secret profits from Plainitf[f] by failing to fully disclose[] interest in transaction with Plaintiff, scheme to defraud by constructive trust agreement between parties, misrepresentation of [employment] services to Plaintiff." (Compl. at ¶ 5.) While mail fraud is a predicate act under 18 U.S.C. § 1962, plaintiff must satisfy Fed. R. Civ. P. 9(b) and allege the specific intent to deceive necessary to support the predicate acts of mail fraud. *U. S. Fire Ins. Co. V. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 442 (S.D.N.Y. 2004) ("Because these allegations are predicated on mail and wire fraud . . . the circumstances of fraud or mistake shall be stated in particularity as specified by Rule 9(b).") (internal quotation marks omitted). He has not done so. Even more damaging to plaintiff's claim is that plaintiff cannot satisfy proximate cause. The failure to pay plaintiff was not proximately caused by the pattern of racketeering activity he alleges. If the defendants were defrauding people of their tax refunds, as plaintiff alleges, the deprivation of those funds was proximately caused by defendants' activity. But the failure to issue paychecks to employees of the company, while possibly a violation of labor laws, was an indirect result of the alleged racketeering activity. *Baisch v. Gallina*, 346 F.3d 366, 373 (2d Cir. 2003) ("[A] plaintiff does not have

standing if he suffers an injury that was indirectly (and hence not proximately) caused by the racketeering activity or RICO predicate acts, even though the injury was proximately caused by some non-RICO violation committed by the defendants.").

Accordingly, for the reasons set forth above, plaintiff has failed to state a RICO claim against defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Claims Are Time-Barred

Even if plaintiff had stated a claim under any of these statutes, his claims are all time-barred. Section 1983 claims are subject to a three-year statute of limitations. *See, e.g., Owens v. Okure*, 488 U.S. 235, 251 (1989). Likewise, claims under § 1981 are generally subject to a three-year limitations period. *See, e.g., Butts v. City of New York Dept. of Housing*, 990 F.2d 1397, 1412 (2d Cir. 1993), superseding by statute on other grounds as stated in *Carter v. New Venture Gear, Inc.*, 310 F. App'x 454 (2d Cir. 2009). Although certain § 1981 claims are subject to a four-year statute of limitations, this exception does not apply to plaintiff's claims, nor would it save the claims from being time-barred.

Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). The limitations period begins to run when the plaintiff discovers or should have discovered the RICO injury. *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988). Plaintiff was on notice of his alleged injury of lost wages in 2005 but did not file this action until June 2011, well beyond the four-year limitations period, and he does not provide a basis for equitable tolling. Accordingly, plaintiff's claims are time-barred.

## Conclusion

For the reasons set forth above, the complaint is dismissed in its entirety for failure to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and because plaintiff's claims are time barred. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on plaintiff and note service on the docket, enter judgment in favor of defendants and close this case.

**SO ORDERED.**

/S/

Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
August 11, 2011